**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **MELISSA FERRELL** **EXECUTOR OF THE ESTATE OF PAUL RICHARDS** 418 Pratt Street, Apt. A Ravenna, OH 44266 | Case No.: 1:24-cv-1736 Judge |
| Plaintiff, v. | **COMPLAINT** |
| **KMS FREIGHT INC.** **c/o Its Statutory Agent** Srejovic Accounting Services Ltd. 2340 S River Rd., Ste 208 Des Plaines, IL 60018 **c/o Its BOC-3 Agent** Evilsizor Process Servers LLC Bettina Jackson 1873 S. Blemont Avenue Springfield, OH 45505 and **ULUGBEK DJABBAROV** 1 S270 Wisconsin Avenue Lombard, IL 60148 And at 1017 East Lawn Drive, Teaneck, NJ 07666-6606 Defendants. | **JURY DEMAND** **ENDORSED HEREON** |

Melissa Ferrell, in her capacity as the Executor of the Estate of Paul Richards,

deceased, files the following complaint.

**OVERVIEW**

On October 27, 2022, at approximately 9:49AM a Defendant KMS Freight Inc.

tractor trailer undergoing engine failure was proceeding at a dangerously low speed, during

1

busy traffic in the westbound right lane of Interstate 80 in North Royalton, Cuyahoga County, Ohio. As a result, decedent Paul Richards was involved in a fatal collision.

## THE PARTIES

1.      Plaintiff Melissa Ferrell is the daughter of Decedent Paul Richards. She was appointed as the Executor of the Estate of Paul A. Richards on September 26, 2024, by the probate court of Portage County, Ohio in case number 2022 ES 00752. A copy of her Letters of Authority is attached hereto and incorporated herein by reference as **Exhibit A**.

2.      Defendant, KMS Freight Inc., is an Illinois corporation. KMS Freight Inc.'s principal place of business is at 3080 Ogden Avenue, Suite 107, Lisle, Illinois.  KMS Freight Inc. is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. KMS Freight Inc. is registered with the Federal Motor Carrier Safety Administration (USDOT No. 3515360) and, according to public documents from the Illinois Secretary of State, has designated Srejovic Accounting Services Ltd., 2340 S. River Rd., Ste. 208, Des Plaines, Illinois 60018-3223, as its agent for service of process. Additionally, KMS Freight Inc. has designated Evilsizor Process Servers LLC., Bettina Jackson 1873 S Belmont Avenue, Springfield, OH 45505 as its agent for service of process under 49 C.F.R. Part 366.

3.      Defendant, Ulugbek Djabbarov, is a resident of the State of Illinois, and at the time of the crash, he was operating a commercial motor vehicle (2020 Kenworth T680 with a trailer).  At all relevant times, Defendant Djabbarov was on duty within the scope of his employment with Defendant KMS Freight Inc.  He can be served with process at 1 S270 Wisconsin Avenue, Lombard, IL 60148. He also can be served at 1017 E. Lawn Drive, Teaneck, NJ 07666-6606.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter because the events giving rise to this litigation occurred in the Northern District of Ohio (in Cuyahoga County, Ohio), and the amount in controversy exceeds the $75,000.00 and the parties are of completely diverse citizenship. 28 U.S.C. § 1332(a)(1). The plaintiff is a citizen of Ohio. Both defendants are citizens of states other than Ohio.

5. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) because the crash at issue occurred in this judicial district (in North Royalton, Cuyahoga County, Ohio).

**FIRST CAUSE OF ACTION**

**Wrongful Death - Negligence of Defendant, Ulugbek Djabbarov**

6. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

7. Plaintiff brings this Cause of Action under Ohio's Wrongful Death Statute, found at R.C. 2125.01.

8. On or about October 27, 2022, Ulugbek Djabbarov was in the rightmost lane of Interstate 80 westbound in Cuyahoga County when Ulugbek Djabbarov was operating his commercial motor vehicle at a speed below 10 miles per hour in a zone where the speed limit is 70 miles per hour, in violation of R.C. 4511.21(A) and 4511.22(A).

9. At the same time, Defendant Ulugbek Djabbarov was operating his commercial motor vehicle in a state of moderately severe, or most severe level of engine torque derate, which led to vehicle speed limitation, and caused the engine to enter protection mode. Instead of pulling over at the first notice of the derate condition,

Defendant negligently chose to continue driving the commercial motor vehicle on Interstate 80 in this hazardous state.

10.     At the same time, Decedent Paul Richards was traveling in the right most lane of westbound I-80 when Ulugbek Djabbarov's unreasonable and dangerous speed among traffic created a hazard. Because of the traffic conditions and Ulugbek Djabbarov's unreasonably slow speed, the dangerous hazard presented by Djabbarov appeared suddenly and it was unreasonable for Decedent Paul Richards to discern the hazard presented by Djabbarov in time to react and avoid striking Defendants' trailer.

11.     Among other duties, Ulugbek Djabbarov had a duty to:

    a.    conduct proper pre-trip and post-trip inspections of the commercial motor vehicle he was driving;

    b.    had a duty to inspect, repair and maintain his commercial motor vehicle;

    c.    not operate his commercial motor vehicle in such a condition as to likely cause an accident or breakdown of his vehicle;

    d.    operate his commercial motor vehicle in a safe and reasonable manner;

    e.    drive at a speed that was reasonable given the circumstances and the nature of the vehicle he was operating as required by R.C. 4511.21(A) and R.C. 4511.22(A).

    f.    maintain reasonable and safe control of the commercial motor vehicle;

    g.    maintain a proper lookout;

    h.    maintain the commercial motor vehicle in a reasonably safe and operational condition;

    i.    drive with the appropriate amount of caution under the circumstances inclusive but not limited to weather and road conditions, the size and weight of the truck, other traffic, and the mechanical condition of the commercial motor vehicle he was operating;

j.   properly match the speed of the truck with the road speed limits and traffic flow and in accordance with truck industry customs and guidelines;

k.   remain reasonably alert, avoid fatigue, exercise due care and to drive without confusion and distraction;

l.   maintain a safe route of travel;

m.   obey all traffic laws including ascertaining whether movement is safe and clear of traffic as required by R.C. 4511.33(A)(1).

n.   obey all Federal Motor Carrier Safety Regulations; and

o.   avoid operating the tractor trailer at such an unreasonably slow speed as to impede the reasonable movement of traffic in violation of R.C. R.C. 4511.21(A) and/or 4511.22(A).

12.   Ulugbek Djabbarov failed in the above-mentioned duties and is, therefore, negligent, and negligent *per se* or *prima facie* negligent.

13.   Ulugbek Djabbarov's negligence was a direct and proximate cause of the crash and decedent's fatal injuries.

14.   As a direct and proximate result of the Defendants' negligence, Paul Richards suffered severe injuries including shock and pre-death terror, prior to his death, as well as damage to his clothing, and his other personal property in his possession during the crash, for which his estate is entitled to recover damages in an amount to be proven at trial.

15.   Paul Richards is survived by his children, Melissa Ferrell, Emily Burmeister, Theresa Richards, Donna Sarapa and their children, collectively, referred to as "beneficiaries."

16.   As a direct and proximate result of the Defendants' negligence, Paul Richards was caused to suffer catastrophic injuries resulting in his death, for which his estate is entitled to recover damages in an amount to be proven at trial. As a direct and

proximate result of the negligence of the Defendants, the decedent's wrongful death statutory beneficiaries have experienced loss of services and society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, grief, anguish and emotional trauma in the past and will continue to experience the same in the future.

17. As a result of Paul Richard's death, his beneficiaries have sustained damages that include, but are not limited to: loss of love, loss of care, loss of comfort, loss of services, loss of guidance, loss of tutelage, loss of net accumulations, loss of life's pleasures, loss of support, loss of society, loss of affection, loss of solace, loss of moral guidance, loss of counsel, loss of moral support, loss of protection, loss of familial care, and loss of advice.

18. By reason of the wrongful acts that caused the crash and injuries and death, Plaintiff and the next of kin of Paul Richards, deceased, have sustained losses for which they are entitled to recover damages in wrongful death, and further, they have sustained mental anguish, grief, torment, and distress, for all of which they are entitled to recover damages under applicable law.

19. Defendant Ulugbek Djabbarov's attempt to continue driving at a dangerously slow rate of speed, and/or by failing to leave the roadway or stay off the road or in the event of ongoing mechanical failure to park at the nearby rest area at milepost 170, demonstrated a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm to them, and Defendant Ulugbek Djabbarov was aware of such great probability and Defendant Ulugbek Djabbarov was aware of the substantiality of harm that would result. Specifically, even though he was aware of the dangerously low speed of his commercial motor vehicle, he consciously disregarded the

6

decedent's rights by recklessly traveling at a dangerously low speed, despite being aware of the great probability of causing substantial injury or death to Paul Richards and the public at large. Accordingly, Plaintiff demands punitive damages against Defendant Ulugbek Djabbarov.

## SECOND CAUSE OF ACTION

### Vicarious Liability of Defendant KMS Freight Inc.

20. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

21. At all relevant times, Ulugbek Djabbarov was the employee, agent, servant, or independent contractor for KMS Freight Inc. Ulugbek Djabbarov was in the course and scope of his employment at the time of the collision, or in the alternative, under the control of KMS Freight Inc. Accordingly, KMS Freight Inc. is vicariously liable for the acts of Ulugbek Djabbarov as described herein.

22. Regardless of the employment or agency relationship, KMS Freight Inc. is an interstate motor carrier, is registered with the United States Department of Transportation, and is holder of USDOT No. 3515360. Therefore, KMS Freight Inc. is responsible for the acts of Ulugbek Djabbarov because of federal statutory law regulating interstate transport by motor carriers.

## THIRD CAUSE OF ACTION

### Negligence— Defendant KMS Freight Inc.

23. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

24. KMS Freight Inc. had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier

operating authority and other employees and agents, including Ulugbek Djabbarov, to promulgate and enforce policies, procedures, and rules to ensure that its drivers and commercial motor vehicles were reasonably safe.

25. KMS Freight Inc. had a duty to maintain its commercial motor vehicles in a reasonably safe condition and to inspect the commercial motor vehicle and to ensure that they would not suffer mechanical failures or other issues that would create a hazard on the roadway, cause an accident, or cause a breakdown of the commercial motor vehicle.

26. KMS Freight Inc. had a duty to exercise reasonable care in all its actions and omissions.

27. KMS Freight Inc. had a duty to instruct, train and create policies and a safety culture that ensured its drivers operated its commercial motor vehicles safely, including properly entering active lanes of travel and driving at a safe and reasonable speed. Specifically, KMS Freight Inc. had a duty to train its driver to:

    a. conduct proper pre-trip and post-trip inspections of the commercial motor vehicle he was driving;

    b. inspect, repair and maintain the commercial motor vehicle;

    c. not operate his commercial motor vehicle in such a condition as to likely cause an accident or breakdown of his vehicle;

    d. operate his commercial motor vehicle in a safe and reasonable manner;

    e. drive at a speed that was reasonable given the circumstances and the nature of the vehicle he was operating as required by R.C. 4511.21(A) and R.C. 4521.22(A);

    f. maintain reasonable and safe control of the commercial motor vehicle;

    g. maintain a proper lookout;

    h. maintain the commercial motor vehicle in a reasonably safe and operational condition;

i.   drive with the appropriate amount of caution under the circumstances inclusive but not limited to weather and road conditions, the size and weight of the truck, other traffic, and the mechanical condition of the commercial motor vehicle he was operating;

j.   properly match the speed of the truck with the road speed limits and traffic flow and in accordance with truck industry customs and guidelines;

k.   remain reasonably alert, avoid fatigue, exercise due care and to drive without confusion and distraction;

l.   maintain a safe route of travel;

m.   obey all traffic laws including ascertaining whether movement is safe and clear of traffic as required by R.C. 4511.33(A)(1).

n.   obey all Federal Motor Carrier Safety Regulations; and

o.   avoid operating the tractor trailer at such an unreasonably slow speed as to impede the reasonable movement of traffic in violation of R.C. 4511.21 and/or R.C. 4511.22(A).

28.   KMS Freight Inc. had a duty to exercise reasonable care in entrusting its commercial motor vehicles and equipment to responsible, competent, and qualified drivers.

29.   KMS Freight Inc. failed in the above-mentioned duties and was, therefore, negligent.

30.   KMS Freight Inc. failed to maintain its commercial motor vehicles in a reasonably safe and proper operating condition.

31.   KMS Freight Inc.'s negligence was a direct and proximate cause of the fatal injuries and damages sustained by Plaintiff's decedent, Paul Richards, described in this Complaint.

32.   As a direct and proximate result of the Defendants' negligence, Paul Richards suffered severe injuries including shock and pre-death terror, prior to his death,

as well as damage to his clothing and his other personal property in his possession during the crash, for which his estate is entitled to recover damages in an amount to be proven at trial.

33.     Defendant KMS Freight Inc.'s actions in failing to train, direct and/or supervise Ulugbek Djabbarov as well as it's additional failure to maintain its commercial motor vehicle and allowing the commercial motor vehicle to become a hazard, demonstrates a conscious disregard for the rights and safety of Paul Richards and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of the conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendants.

## FOURTH CAUSE OF ACTION

### Survival

34.     Plaintiff repeats and re-alleges all of the allegations elsewhere herein as though the same were fully set forth herein against all Defendants.

35.     Prior to his death, and as a direct and proximate result of the wrongful conduct that caused the crash and injuries and death, the decedent, Paul Richards, sustained physical and mental pain and anguish, suffering in contemplation of his impending death, including pre-death terror, along with property damage and loss, and by reason thereof, his Estate is entitled to compensatory damages in an amount exceeding $25,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor against all Defendants, jointly and/or several, individually and/or collectively, as follows:

A.     Compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) which will fully, fairly, and justly compensate the

10

beneficiaries for their damages resulting from the wrongful death of Paul Richards;

B.      Compensatory Damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) which will fully, fairly, and justly compensate the Estate of Paul Richards for the damages he suffered to himself and his property prior to his death;

C.      Punitive damages;

D.      Costs, including attorney's fees; and,

E.      Such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Andrew R. Young
Andrew R. Young (0071543)
D. J. Young, III (0071839)
Amy Papuga (0098669)
Jonathan N. Bond (0096696)
The Law Firm for Truck Safety, LLP
31387 Lorain Road
North Olmsted, Ohio  44070
(216) 961-3932
F: (216) 647-0458
Andy@TruckAccidents.com
DJ@TruckAccidents.com
Amy@TruckAccidents.com
Jon@TruckAccidents.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

/s/ Andrew R. Young
Andrew R. Young (0071543)
D. J. Young, III (0071839)
Amy Papuga (0098669)
Jonathan N. Bond (0096696)

11

The Law Firm for Truck Safety
Attorneys for Plaintiff

12