UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Melissa Ferrell | ) | CASE NO.: 1:24-cv-1736 |
| Executor of the Estate of Paul | ) | |
| Richards | ) | JUDGE: Christopher A. Boyko |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER OF DEFENDANTS KMS** |
| v. | ) | **FREIGHT INC., AND ULUGBEK** |
| | ) | **DJABBAROV TO PLAINTIFF'S** |
| KMS Freight Inc., et al. | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Now comes KMS Freight Inc., (hereinafter referred to as "KMS") and Ulugbek Djabbarov, (hereinafter referred to as "Djabbarov") by and through the undersigned counsel, and for their Answer to Plaintiff's Complaint state as follows:

As to Plaintiff's Overview:  Defendants KMS and Djabbarov admit that motor vehicle collision on the date and at the approximate time and location as alleged and at said collision involved a vehicle then being operated by Paul Richards and a vehicle owned by KMS and being operated by Djabbarov.  Defendants KMS and Djabbarov further admit that as a result of the collision, Paul Richards was killed. Defendants KMS and Djabbarov deny the remaining allegations set forth in Plaintiff's overview.

As to the Answer to the remaining allegations set forth in Plaintiff's Complaint:

1. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint either for truthfulness and/or for want of knowledge.

2. Defendants KMS and Djabbarov admit the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. In response to the allegations set forth in Paragraph 3 of Plaintiff's Complaint, Defendants KMS and Djabbarov admit that at the time of the motor vehicle collision which is the subject of this litigation, Defendant Djabbarov was operating a commercial motor vehicle, *to wit,* a 2020 Kenworth T680 with a trailer. Defendants KMS and Djabbarov deny the remaining allegations set forth in Paragraph 3.

4. In response to the allegations set forth in Paragraph 4 of Plaintiff's Complaint, Defendants KMS and Djabbarov are without knowledge sufficient to form a belief as to the truth of the allegations pertaining to the residence of the Plaintiff and therefore deny the same. Defendants KMS and Djabbarov admit the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendants KMS and Djabbarov admit the allegations set forth in Paragraph 5 of Plaintiff's Complaint

6. In response to the allegations set forth in Paragraph 6 of Plaintiff's Complaint, Defendants KMS and Djabbarov incorporates by reference as it fully rewritten herein their foregoing Answer to Paragraphs 1-5.

7. The allegations set forth in Paragraph 7 of Plaintiff's Complaint are a recitation and do not require either being admitted or denied.

8. In response to the allegations set forth in Paragraph 8 of Plaintiff's Complaint, Defendants KMS and Djabbarov admit that a motor vehicle collision occurred on the date and at the location described therein and further that Defendant Djabbarov was operating a commercial vehicle. Defendants KMS and Djabbarov deny the remaining allegations set

forth therein either for truthfulness and/or for want of knowledge.  Defendants KMS and Djabbarov further affirmative state that the issuance of a traffic citation, if any, is not admissible in the within litigation.

9.  Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. In response to the allegations set forth in Paragraph 10 of Plaintiff's Complaint, Defendants KMS and Djabbarov admit that a motor vehicle collision occurred at the location described therein, but deny the remaining allegations set forth in Paragraph 10.  Defendants KMS and Djabbarov further affirmatively state at the time and place of the collision which forms the basis of this litigation, decedent, Paul Richards was operating a commercial motor vehicle, *to wit,*  a 2021 International LT625 with a trailer  and that he failed to maintain a proper lookout and/or was following too closely and/or  negligently failed to maintain an assured clear distance between his tractor trailer and the tractor trailer then being operated by Defendant Djabbarov and that he rear-ended said vehicle resulting in the collision which is subject to this litigation.

11. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendant KMS and Djabbarov deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint. Defendants KMS and Djabbarov further affirmatively state at the time and place of the collision which forms the basis of this litigation, decedent, Paul Richards was operating a commercial motor vehicle, *to wit,*  a 2021 International LT625 with a trailer

and that he failed to maintain a proper lookout and/or was following too closely and/or negligently failed to maintain an assured clear distance between his tractor trailer and the tractor trailer then being operated by Defendant Djabbarov and that he rear-ended said vehicle resulting in the collision which is subject to this litigation.

14. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint either for truthfulness and/or for want of knowledge.

15. Defendants KMS and Djabbarov are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint and therefore deny the same.

16. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. In response to the allegations set forth in Paragraph 20 of Plaintiff's Complaint, Defendant KMS and Djabbarov incorporate by reference as it fully rewritten herein their foregoing Answer to Paragraphs 1-19.

21. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. In response to the allegations set forth in Paragraph 22 of Plaintiff's Complaint, Defendants KMS and Djabbarov admit that KMS is an interstate motor carrier, is registered with United States Department of Transportation and is the holder of US DOT #3515360. Defendants KMS and Djabbarov deny the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint either for want of knowledge or truthfulness.

23. In response to the allegations set forth in Paragraph 23 of Plaintiff's Complaint, Defendants KMS and Djabbarov incorporate by reference as it fully rewritten herein their foregoing Answer to Paragraphs 1-22.

24. Defendants KMS and Djabbarov deny the remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. In response to the allegations set forth in Paragraph 34 of Plaintiff's Complaint, Defendants KMS and Djabbarov incorporate by reference as it fully rewritten herein their forgoing Answer to Paragraphs 1-33.

35. Defendants KMS and Djabbarov deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. Defendants KMS and Djabbarov deny each and every remaining allegation contained in Plaintiff's Complaint not heretofore specifically accepted.

## SECOND AFFIRMATIVE DEFENSE

2. Defendants KMS and Djabbarov state that the Plaintiff's Complaint fails to state a cause of action against it/him upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3. Defendants KMS and Djabbarov state that the Plaintiff has failed to name a necessary and indispensable party to the litigation pursuant to the requirements of Rules 19 and 20 of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

4. Defendants KMS and Djabbarov state that at the time and place of the collision which forms the basis of this litigation, decedent, Paul Richards was negligent and his negligence

6

exceeds that of these answering Defendants,  either individually and/or collectively. Defendants KMS and Djabbarov further affirmatory state by reason thereof, the Estate of Paul Richards is barred from recovery for any alleged injury or damage, such injury or damage been deny to exist, and/or any such recovery is to be   reduced in direct proportion to decedent Paul Richards comparative degree of fault.

### FIFTH AFFIRMATIVE DEFENSE

5.        Defendants KMS and Djabbarov state that Plaintiff's recovery, if any, is limited to the damages set forth in Chapter 2125 of the Ohio Revised Code and, specifically,  R.C. § 2125.02.

### SIXTH AFFIRMATIVE DEFENSE

6.        Defendants KMS and Djabbarov state that any recovery by or on behalf of the Estate of Paul Richards or any beneficiary  is subject to offset for any payment made by or through a life insurance policy and/or any other policy, plan, or program offering benefits to the Estate of Paul Richards or any of his beneficiaries.

### SEVENTH  AFFIRMATIVE DEFENSE

7.        Defendants KMS and Djabbarov are entitled to all rights and immunities set forth in R.C. § 2315.21 pertaining to caps on punitive damages, as well as the absolute right of bifurcation and to have said claim proven by Plaintiff  by clear and convincing evidence.

### EIGHTH AFFIRMATIVE DEFENSE

8.        Defendants KMS and Djabbarov further affirmatively state that they are entitled to all rights, benefits and immunities set forth in  the Ohio Survival Statute,   R.C. § 2305.21.

### NINTH AFFIRMATIVE DEFENSE

9.        Defendants KMS and Djabbarov state that service of process and/or sufficiency of process is defective and improper.

## TENTH AFFIRMATIVE DEFENSE

10. Defendants KMS and Djabbarov state that Defendant Djabbarov was confronted with a sudden and unexpected mechanical emergency for which he had no control immediately prior to the collision which forms the basis of this litigation and that he took all appropriate and reasonable steps to protect him and the motoring public from harm and that his/their conduct was not the proximate cause of the subject collision.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants KMS and Djabbarov hereby reserve the right the amend this Answer to include defenses not currently known, but which may be learned through the course of future discovery.

WHEREFORE, having fully answered the allegations set forth in Plaintiff's Complaint, Defendants KMS and Djabbarov pray that said Complaint be dismissed with prejudice, with costs to Plaintiff plus such further additional relief that this court deems just and proper.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.


By: _/s/ Andrew H. Isakoff_
ANDREW H. ISAKOFF (0037177)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: (216) 912-3804
Fax: (216) 344-9006
Email: ahisakoff@mdwcg.com
*Counsel for Defendants KMS and Djabbarov*

## JURY DEMAND

Defendant demands a trial by jury as to all issues of the within matter.

By:  */s/Andrew H. Isakoff*
ANDREW H. ISAKOFF (0037177)
*Counsel for Defendants KMS and Djabbarov*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2024, a copy of the foregoing was filed electronically.  A copy of the foregoing Answer has been sent to the following by email

Andrew R. Young, Esq.
D.J. Young, III., Esq.
Amy Papuga, Esq.
Jonathan N. Bond, Esq.
The Law Firm for Truck Safety, LLP
31387 Lorain Road
North Olmsted, Ohio 44070
Andy@TruckAccidents.com
DJ@TruckAccidents.com
Amy@TruckAccidents.com
Jon@TruckAccidents.com

By:  */s/ Andrew H. Isakoff*
ANDREW H. ISAKOFF (0037177)
*Counsel for Defendants*

9